UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARGENTES R. ALBANO,** | Case No.: 4:12-cv-4018 KAW |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| **CAL-WESTERN RECONVEYANCE CORPORATION, et al.,** | |
| Defendants. | |

Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac")[1], Saxon Mortgage Services, Inc. ("Saxon"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a motion to dismiss Plaintiff Argentes R. Albano's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and a motion to expunge lis pendens.[2] The motions were fully briefed,[3] and the Court held a hearing on the motions on

---

[1] Defendant is erroneously sued as Federal Home Loan Mortgages Corporation.

[2] Defendant American Brokers Conduit has not been served and has not joined in the motion to dismiss. Defendant Cal-Western Reconveyance Corporation ("Cal-Western") filed a declaration of non-monetary status before the case was removed to this Court and has not joined in the motion to dismiss.

[3] Defendant's reply brief was untimely filed. *See* Local Rule 7-7(d) ("Unless otherwise ordered by the Court, the continuance of the hearing of a motion does not extend the time for filing and serving the opposing papers or reply papers."). The Court exercises its discretion to consider the arguments in the brief.

November 1, 2012. Michael Yesk appeared for Plaintiff, and Eric Tsai appeared for the moving Defendants.

For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part; the motion to expunge lis pendens is denied; and Plaintiff is given leave to file a second amended complaint consistent with this order.

## I.  Factual Background

On May 31, 2005, Plaintiff recorded a Deed of Trust in the Alameda County Recorder's Office against 4225 Polaris Avenue, Union City, California 94587 ("the property") to secure a note in the amount of $390,000 in favor of American Brokers Conduit as original "Lender." (First Amended Complaint ("FAC") ¶ 10.) The Deed of Trust names Alliance Title as the trustee, and MERS as a "nominee" for the lenders. *Id.*

On June 6, 2011, a notice of default and election to sell under the Deed of Trust was recorded in the Alameda County Recorder's Office. (FAC ¶ 11.)[4] On July 26, an assignment of the Deed of Trust was recorded in the Alameda County Recorder's Office, in which MERS purports to convey the beneficial interest in the Deed of Trust to Saxon. (FAC ¶ 12.) The assignment states that it was executed by Daniel Charles, as a "vice president" of MERS. *Id.* On the same day, Daniel Charles also executed a substitution of trustee from Saxon in favor of Cal-Western. (FAC ¶ 13.) This time, Daniel Charles signed the document as "AVP" for Saxon. *Id.*

On September 12, 2011, a notice of the trustee's sale was recorded. (FAC ¶ 14.) On September 30, 2011, a second assignment of the Deed of Trust was recorded, purporting to transfer the beneficial interest in the deed of trust from Saxon to Freddie Mac. (FAC ¶ 15.) The assignment was signed by Daniel Charles, again as "AVP" for Saxon. *Id.*

On October 31, 2011, Cal-Western conducted a trustee sale of Plaintiff's home. (FAC ¶ 16.) On November 14, a Trustee's Deed Upon Sale was recorded, in which Cal-Western purports to convey the property to Tri-Valley Golden Investments.

---

[4] Exhibit D to Defendants request for judicial notice shows that the notice of default was recorded on June 9, 2011.

2

Plaintiff filed her original complaint in the Alameda County Superior Court on October 7, 2011. She filed a first amended complaint on July 18, 2012. Defendants removed the action to this court on July 31, 2012.

Plaintiff's first amended complaint alleges the following causes of action: 1) slander of title, against all Defendants; 2) wrongful foreclosure, against Defendants Freddie Mac and Cal-Western; and 3) violation of California Business and Professions Code § 17200 *et seq*., against all Defendants. Defendants have jointly moved to dismiss "each and every cause of action" in the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Defs.' Mot. to Dismiss at 2.)

## II.  Motion to Dismiss

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B.  Analysis

Defendants contend that the case should be dismissed because 1) the entire FAC fails because Plaintiff has not tendered the amount owed on the mortgage; 2) the wrongful foreclosure cause of action fails because the foreclosure was not illegal or fraudulent, and Plaintiff suffered no prejudice as a result of Defendants' actions; 3) the slander of title cause of action fails because the publication of foreclosure notices are privileged communications, and Plaintiff does not have title to the property; and 4) the UCL cause of action fails because Plaintiff lacks standing.

Defendants ask that the Court take judicial notice of a number of documents in support of its motion to dismiss. The documents are purportedly: A) a Deed of Trust recorded in Alameda County Recorder's Office on May 31, 2007; B) an Assignment of a Deed of Trust recorded in Alameda County on July 26, 2011; C) an Assignment of a Deed of Trust recorded in Alameda County on September 30, 2011; D) a Notice of Default recorded in Alameda County on June 9, 2011; E) a Substitution of Trustee recorded in Alameda County on July 26, 2011; F) a Notice of Trustee's sale

recorded in Alameda County on September 12, 2011; G) a Trustee's Deed Upon Sale recorded in Alameda County on November 11, 2011; H) a Notice of Pendency of Action recorded in Alameda County on October 7, 2011; and I) the New York Department of State, Division of Corporations, Entity Information for American Brokers Conduit Corporation. (Request for Judicial Notice in Supp. of Defs.' Mots. to Dismiss FAC and to Expunge Lis Pendens ("RJN").) Defendants' request for judicial notice states that the documents are "proper for judicial notice" because "they are recorded public documents." (RJN.) But Defendants' request does not contain an affidavit attesting to the authenticity of the documents or even an explanation of the procedure counsel took to obtain the documents.

Plaintiff objects to Defendants' request for judicial notice, arguing that this Court should not take judicial notice of the facts stated within documents, as the statements in the documents are hearsay. (Pl.'s Objection to RJN.) However, Plaintiff does not question the authenticity of the documents themselves.

The accuracy of the information contained in the documents is indeed hearsay and could reasonably be questioned. But as Plaintiff has not disputed the authenticity of Exhibits A through H, the Court finds that the exhibits are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court will take notice of the existence of the documents and the date on which they were recorded, but will not assume the truth of the facts therein.

As explained in detail in the next section, the Court denies the request for judicial notice as to Exhibit I.

**1. Wrongful Foreclosure**

As noted above, Defendants move to dismiss Plaintiff's claim for wrongful foreclosure. Wrongful foreclosure is an action in equity, in which a plaintiff seeks to set aside an "illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust," or prevent such a sale from occurring. *Lona v. Citibank N.A.*, 202 Cal. App. 4th 89, 104 (2011). The plaintiff must demonstrate prejudice or harm and, depending on whether the

plaintiff is challenging a sale or seeking to prevent a pending sale, may be required to tender payment of the debt. *See Mena v. JP Morgan Chase Bank, N.A.*, 12-1257 PSG, 2012 WL 3987475 (N.D. Cal. Sept. 7, 2012).

Defendants argue that the wrongful foreclosure cause of action should be dismissed because Plaintiff's factual allegations of an illegal or fraudulent sale are untrue and speculative, Plaintiff suffered no prejudice from any wrongdoing in the foreclosure process, and Plaintiff failed to tender the full amount of the debt.

### a. **Illegal/ Fraudulent Sale**

Plaintiff's claim for wrongful foreclosure rests on the following allegations: the purported foreclosing beneficiary, Freddie Mac, was not the true beneficiary, and Cal-Western was not the true trustee, at the time of the October 31, 2011, trustee's sale, and therefore they lacked the power to foreclose on her home, because: 1) American Brokers Conduit was not registered with the Secretary of State in New York, and could not therefore be a party to a contract, and therefore the original Deed of Trust was void; 2) MERS could not make a valid assignment of the beneficial interest in the deed of trust because it was not a pecuniary beneficiary; and 3) the recorded documents purporting to convey these interests to the entities were fraudulently robo-signed and therefore did not have legal effect. (FAC ¶¶ 36-43 (incorporating earlier allegations by reference)). As such, Plaintiff argues, the trustee's sale was fraudulent, illegal, and ultimately void.

At the hearing on the motion to dismiss, Plaintiff explained the first argument in greater detail. Plaintiff claims that American Brokers Conduit was never registered with the secretary of state in New York or California, and in fact was never a corporate entity at all, and therefore could not have contracted with Plaintiff and could not have assigned its interest to any other company.

Defendants argue that American Brokers Conduit is indeed registered with the New York Secretary of State. Defendants request that the Court take judicial notice of a printout from the New York Department of State showing that American Brokers Conduit is registered. (RJN at 9, Exh. I). Defendants have not provided any information regarding the source of the printout or its authenticity. The accuracy of the information contained in what appears to be a printout from an unidentified website might reasonably be questioned, and is therefore not a proper subject for

judicial notice. *See* Fed. R. Evid. 201(b).  In fact, Plaintiff argued at the hearing that the website printout likely pertained to a different company with a similar name.  Accordingly, the request to judicially notice Exhibit I is denied.  Moreover, even if the court could take judicial notice of Exhibit I, it does not contradict the allegation in the FAC – that American Brokers Conduit was not registered with the Secretary of State in New York at the time relevant to her complaint.  The apparent website printout states that the initial DOS filing date was March 16, 2012.

Defendants have not argued that if the allegations regarding American Brokers Conduit in the complaint are taken as true, the allegations do not meet the illegal/ fraudulent sale element of the wrongful foreclosure claim.  At the hearing, Defendants' counsel variously stated that American Brokers Conduit, who has not been served, should be the one to address this argument, and that the issue should be briefed—even though Plaintiff had raised this argument in her First Amended Complaint and Defendants had fully briefed the motion to dismiss.  Taken as true, the Court finds that Plaintiff's allegations that American Brokers Conduit never actually existed—that is, was never registered as a corporation—meets the illegal/ fraudulent sale element of the wrongful foreclosure cause of action.

Second, Defendants argue that MERS has the authority to make a valid assignment of the beneficial interest in the deed of trust as a matter of law.  Plaintiff does not rebut this argument in her opposition, and the Court concludes that Plaintiff has conceded that Defendants are correct.  MERS is not required to be a pecuniary beneficiary to have the power to assign a beneficial interest in the property.  *See*, *e.g.*, *Ogilvie v. Select Portfolio Servicing*, 12-CV-001654-DMR, 2012 WL 4891583 (N.D. Cal. Oct. 12, 2012) ("Under California law, 'MERS, as nominal beneficiary, has the power to assign its interest under a deed of trust.' *Herrera v. Fed. Nat'l Mortg. Ass'n.*, 205 Cal. App. 4th 1495, 1498 (2012).").  These allegations, taken as true, are insufficient to plead the element of illegal/ fraudulent sale.

Third, Defendants argue that Plaintiff's allegations of robo-signing "should be disregarded" as speculation, as Plaintiff lacks personal knowledge of the robo-signing.  *See* FAC ¶ 23 ("the July 26, 2011 Assignment of Deed of Trust is invalid because it was signed by Daniel L. Charles, allegedly as Vice President of MERS . . . Daniel Charles is a robo-signer who signs property records

without the requisite legal or corporate authority to sign on behalf of Defendant MERS.  Defendant Charles is actually an employee of Defendant Saxon as is evidenced that he also signed the second Assignment of the Deed of Trust . . . on behalf of Defendant Saxon.").  At this stage of the proceedings, Plaintiff's plausible allegations must be taken as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (citation omitted).  Plaintiff's factual allegations are pled in some detail and not as mere legal conclusions.  The allegations are not implausible.  *See e.g.*, *Cerecedes v. U.S. Bankcorp*, CV 11-219 CAS FMOX, 2011 WL 2711071 (C.D. Cal. July 11, 2011) ("The Court is mindful of the reports of financial institutions using so-called 'robo-signers' to improperly sign documents used in the foreclosure process.  *See*, *e.g.*, Gretchen Morgenson & Andrew Martin, Big Legal Clash On Foreclosure Is Taking Shape, N.Y. Times, October 21, 2010, at A1.").  At this stage of the proceedings, Plaintiff's allegations of robo-signing are sufficient to support the proposition that there was a fraudulent or illegal sale of her home.

In addition, Plaintiff argues that even if the assignments had been valid, Cal-Western was not assigned as trustee until July 26, 2011, days after the notice of default had been recorded on June 9.  Thus, Cal-Western was not the trustee at the time it initiated the foreclosure process.  This is also sufficient to establish at this stage of the proceedings that there was an illegal sale of the home.  *See*, *e.g.*, *Makreas v. First Nat. Bank of N. California*, 856 F. Supp. 2d 1097, 1100 (N.D. Cal. 2012) ("the party who noticed the default did not, at the time of the notice, have the authority to record the notice of default.  Such facts state a claim for wrongful foreclosure").

Finally, Plaintiff's opposition brief argues that Defendants violated California Civil Code § 2932.5 and § 2923.5.  These allegations are not contained in the operative complaint, and the Court will not address them.  The motion to dismiss only tests the sufficiency of the allegations in the complaint, not new allegations in briefs.  *See Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss").  To the extent that Plaintiff wishes to amend her complaint to add these allegations, she has not requested leave to do so.

Defendant argues for the first time in its untimely reply brief that even if Saxon was not the beneficiary under the deed of trust at the time of the foreclosure, it was undisputedly the servicer of the loan and therefore was the agent of the beneficiary and had the authority to foreclose on the home. Dkt #21 at 2-3. Plaintiff has not had an opportunity to respond to this argument, and the Court will not rule on it. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("While this explanation may or may not be persuasive, as an argument raised for the first time in a reply brief, it is not an argument that we may consider here."). Similarly, Defendant argues, for the first time in the reply brief, that even though Cal-Western was not the trustee at the time that it issued the notice of default, it was acting as the agent of the beneficiary. As such, the Court will not consider this argument.

### b.     Prejudice

The next element of a wrongful foreclosure cause of action is prejudice. Defendants argue that even if the wrong parties foreclosed on her, Plaintiff suffered no prejudice as a result, because she had defaulted on her mortgage payments, and would have been foreclosed on anyway. Plaintiff does not argue that she did not default on her mortgage payments, or that no entity was authorized to foreclose on her house. Defendant is correct that the allegations in Plaintiff's FAC do not establish prejudice or harm.

The prejudice or harm element is met only if a plaintiff demonstrates "that the foreclosure would have been averted but for [the] alleged deficiencies." *Reynoso v. Paul Fin., LLC*, No. 09-3225-SC, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009). S*ee also Ghuman v. Wells Fargo Bank, N.A.*, No. 1:12-CV-00902-AWI-BAM, 2012 WL 2263276, at *5 (E.D. Cal. Jun. 15, 2012) ("Plaintiffs would be hard pressed to show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the substitution of NDEx (or the allegedly improper recording thereof) adversely affected their ability to pay their debt or cure their default"); *Permito v. Wells Fargo Bank*, N.A., C-12-00545 YGR, 2012 WL 1380322 (N.D. Cal. Apr. 20, 2012) ("for a foreclosure to be 'wrongful,' Plaintiff also must allege that no entity had the right to foreclose upon her, not simply that the wrong entity foreclosed upon her").

Although some cases have held that the prejudice element of the wrongful foreclosure cause of action could be established by allegations that the wrong companies had initiated the foreclosure process, the facts of those cases are distinct from the facts here, because in this case, the foreclosure sale has already happened. *See*, *e.g.*, *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11–1658 AHM, 2011 WL 2533029, at *9–10 (C.D. Cal. June 24, 2011) (upholding the plaintiffs' wrongful foreclosure claim against an entity alleged to have no beneficial interest in the Deed of Trust when it acted to foreclose on the plaintiffs' home, when the foreclosure sale had not yet taken place); *Tamburri v. Suntrust Mortg., Inc.*, C-11-2899 EMC, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) ("the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner because there is no power of sale without a valid notice of default"). In this case, the foreclosure sale has already occurred, so there is no longer a "threat" of foreclosure, and Plaintiff has not alleged that the foreclosure sale would not have occurred but for the fraudulent assignments.

Plaintiff's First Amended Complaint does not sufficiently allege the prejudice element of the wrongful foreclosure cause of action. Accordingly, the wrongful foreclosure cause of action must be dismissed. The Court grants Plaintiff leave to file an amended complaint to attempt to cure this deficiency.

    **c. Tender**

Tender is the last element of the wrongful foreclosure cause of action. *See In re Cedano*, 470 B.R. 522, 529 (B.A.P. 9th Cir. 2012) (defaulted borrower must allege tender of the amount owed as a condition of bringing an action for "irregularity" in the sale procedure), citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (Cal. Ct. App. 2011) (offer of tender is condition precedent to action to set aside trustee's sale on the ground that the sale is voidable because of irregularities in the sale notice or procedure). In a voidable sale, tender is required "based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose." *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 878 (2000).

Defendants argue that not only the wrongful foreclosure cause of action, but the entire first amended complaint, should be dismissed, because Plaintiff has not tendered or alleged that she has the ability to tender the full amount she owes on the mortgage.

But this case falls under an exception to the tender rule. The exceptions to the tender rule are: 1) if the borrower's action attacks the validity of the underlying debt; 2) if the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary; 3) where it would be inequitable to impose such a condition on the party challenging the sale; and 4) where the deed is void on its face. *Lona*, 202 Cal. App. 4th at 112-13.

Here, the fourth exception applies. As set forth above, Plaintiff alleges that Defendants Cal-Western and Freddie Mac lacked the authority to foreclose on Plaintiff's home because they were not actually the trustee and beneficiary of the deed of trust.

Where the trustee's deed is void on its face, tender is not required. *See Lona*, 202 Cal. App. 4th at 113; *Dimock v. Emerald Props. LLC*, 81 Cal. App. 4th 868, 878 (Cal. Ct. App. 2000) (sale under the deed of trust by a former trustee was facially void, and therefore tender was not required to sustain a cause of action). *See also Barrionuevo v. Chase Bank, N.A.*, C-12-0572 EMC, 2012 WL 3235953 (N.D. Cal. Aug. 6, 2012) ("In *Dimock*, the California Court of Appeal held that where an incorrect trustee had foreclosed on a property and conveyed it to a third party, and the conveyed deed was not merely voidable but void, tender was not required"); *Christiansen v. Wells Fargo Bank*, C 12-02526 DMR, 2012 WL 4716977 (N.D. Cal. Oct. 1, 2012) ("As this is a motion to dismiss, the court cannot state as a matter of law that the allegations . . . do not support an inference that the trustee's sale was void, rather than voidable. Accordingly, the court declines to apply the tender rule at this early pleading stage.").

Because Plaintiff alleges that the wrong companies foreclosed on her home and that the Deed is void, she alleges sufficient facts to infer that the trustee's sale is not voidable, but void, and that accordingly, the tender rule does not apply.

**2. Slander of Title**

Plaintiff's first amended complaint includes a cause of action of slander of title. In California, the elements of this cause of action are: "(1) a publication, (2) which is without privilege

or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Ogilvie v. Select Portfolio Servicing*, 12-CV-001654-DMR, 2012 WL 3010986 (N.D. Cal. July 23, 2012) (*citing Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1051 (2009)). "The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1068 (E.D. Cal. 2011) (*citing Seely v. Seymour*, 190 Cal. App. 3d 844, 857 (1987)).

Here, Defendants argue that Plaintiff has not satisfied the "without privilege" element of this cause of action because the mailing, publication and delivery of foreclosure notices are privileged communications, and privilege is a defense to the slander of title tort; and that the cause of action also fails because Plaintiff no longer owns the subject property.

Absent allegations of malice, the recording of a foreclosure notice is indeed privileged. *See* Cal. Civ. Code § 47(c)(1); *Ogilvie*, 2012 WL 3010986, *4 (citing Cal. Civ. Code § 47(c)(1), Cal. Civ. Code § 2924(d) for the proposition that "Nonjudicial foreclosure documents are subject to this privilege"). Malice requires "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008).

Plaintiff alleges that Defendants acted with malice—that is, a reckless disregard for the truth—in recording the notice of default, because Defendants were aware that Cal-Western was not the true trustee and that Saxon was not the true beneficiary of the deed of trust. At this stage of the proceedings, these allegations are sufficient to defeat the motion to dismiss. *See Mena v. JP Morgan Chase Bank, N.A.*, 12-1257 PSG, 2012 WL 3987475 (N.D. Cal. Sept. 7, 2012) ("Malice as an exception to the privilege doctrine may be established by a showing that the defendant "lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights"); *Barrionuevo v. Chase Bank, N.A.*, C-12-0572 EMC, 2012 WL 3235953 (N.D. Cal. Aug. 6, 2012) ("Plaintiffs allege quite clearly that Defendants published the February 2, 2012, Notice of Trustee's sale with 'malice and a reckless disregard for the truth.' . . . on balance, Plaintiffs have alleged sufficient facts to satisfy this element of the tort at the 12(b)(6) stage.").

Here, Plaintiff has pled in detail and with specificity that Defendants fraudulently created the necessary documents. *Cf. Ogilvie*, 2012 WL 3010986, *5 (dismissing slander of title claim with leave to amend where plaintiff alleged that defendants acted with malice by formulating false documents, because the "allegation [wa]s conclusory; the mere 'formulation of false documents' is inadequate to plead malice.").

Defendants' unsupported argument that Plaintiff cannot state a claim for slander of title because Plaintiff no longer has title to the subject property, as it was sold at a trustee's sale, also fails because Plaintiff has alleged facts sufficient to support her claim that the sale was initiated and completed by the wrong parties and was therefore void.

Defendants do not argue that the allegations in Plaintiff's first amended complaint fail to meet any other element of the slander of title cause of action. Accordingly, Defendants' motion to dismiss is denied as to this cause of action.

### 3. Violations of California Business and Professions Code Section 17200 et seq.

Plaintiff's final cause of action is for violations of California's Unfair Competition Law, as codified in California Business and Professions Code Section 17200 et seq., which proscribes "unlawful, unfair or fraudulent" business acts and practices.

Plaintiff's opposition mentions a cause of action for unfair and deceptive acts and practices ("UDAP"). Dkt #15 at 20. There is no such cause of action in the complaint. The repeated references to such a cause of action in Plaintiff's brief appear to be errors.

California's UCL prohibits acts or practices that are: 1) fraudulent; 2) unlawful; or 3) unfair. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457 (2006). A plaintiff proceeding under this statute must have "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

Defendant argues that this cause of action should be dismissed because Plaintiff has not pled facts that establish that she has suffered injury in fact or lost money or property through the

foreclosure, as she admits that she defaulted on her mortgage payments, and there was no equity in the subject property at the time of the sale.

Plaintiff argues that she will "wrongfully lose her home" if this lawsuit fails, as a result of Defendants' unlawful, unfair and fraudulent business practices, and that this satisfies the injury in fact requirement. At the hearing, Plaintiff disputed Defendants' assertion that she had no equity in her home.

Plaintiff's home has purportedly been sold in a trustee's sale, and she may lose possession of her home as well. If Plaintiff's factual allegations are taken as true, this occurred because companies that had no legal right to do so foreclosed on her house. Even though Plaintiff may not have suffered an actual financial loss, the Court finds that, at this stage of the proceedings, the threat of being displaced from her home is sufficient to meet the standing requirements of the UCL. *See*, *e.g.*, *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 973 (N.D. Cal. 2010) ("a private person has standing to assert an unfair competition claim only if he or she 'has suffered injury in fact' and 'has lost money or property as a result of the unfair competition.' . . . Accepting Plaintiff's allegations here as true, the Court finds that me [sic] meets this standard"). Unlike in the wrongful foreclosure cause of action, there is no requirement under this cause of action that Plaintiff establish that no other entity had the right to foreclose on her property.

The motion to dismiss is denied as to the UCL cause of action.

### III.     Motion to Expunge Lis Pendens

Defendants have also filed a motion to expunge lis pendens, which Plaintiff opposes. Dkt #11. Federal courts look to the law of the state where the property resides in matters concerning lis pendens. *See* 28 U.S.C. § 1964.

California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof. *Id.* § 405.30. To meet this burden, the recording party must establish that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.*

§§ 405.31, 405.32. A real property claim is one "which would, if meritorious, affect title to, or the right to possession of, specific real property." *Id.* § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

Here, Plaintiff has been granted leave to file a second amended complaint. Under these circumstances, it would be premature to expunge the lis pendens. *See Christiansen v. Wells Fargo Bank*, C 12-02526 DMR, 2012 WL 4716977, *10 (N.D. Cal. Oct. 1, 2012). Defendants' motion to expunge is therefore denied without prejudice.

## IV. Conclusion

As explained above, Defendants' motion to dismiss is granted as to the cause of action for wrongful foreclosure and denied as to the causes of action for slander of title and unfair competition law. Defendants' motion to expunge lis pendens is denied.

When a court dismisses a complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Within 30 days of the date of this order, Plaintiff may file a second amended complaint curing the deficiencies explained in this order.

**DATE: November 5, 2012**

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**