1  PETER J. SALMON (SBN 174386)
   CUONG M. NGUYEN (SBN 248586)
2  ERIC TSAI (SBN 273056)
   PITE DUNCAN, LLP
3  4375 JUTLAND DRIVE, SUITE 200
   P.O. BOX 17935
4  SAN DIEGO, CA 92177-0935
   TELEPHONE: (858) 750-7600
5  FACSIMILE: (619) 590-1385
   E-Mail: etsai@piteduncan.com

6  Attorneys for Defendants SAXON MORTGAGE SERVICES, INC.; FEDERAL HOME LOAN
   MORTGAGE CORPORATION *[erroneously sued as FEDERAL HOME LOAN MORTGAGES
7  CORPORATATION]*; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| ARGENTES R. ALBANO,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT; SAXON MORTGAGE SERVICES, INC.; FEDERAL HOMELOAN MORTGAGES COPRORATION; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DOES 1 – 100,<br><br>Defendants. | Case No. 4:12-cv-04018-KAW<br><br>**NOTICE OF MOTION AND DEFENDANTS SAXON MORTGAGE SERVICES, INC., FEDERAL HOME LOAN MORTGAGE CORPORATION AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(f)]<br><br>Hearing:<br>Date:         February 7, 2012<br>Time:        11:00 a.m.<br>Courtroom: 4, 3rd Floor<br>Judge:       Hon. Kandis A. Westmore<br><br>SAC Filed:        December 5, 2011<br>Trial Date:       Not Yet Set |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 7, 2012, at 11:00 a.m. in Courtroom 4, 3rd Floor, of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, or as soon thereafter as this matter may be heard, Defendants SAXON MORTGAGE SERVICES, INC. ("Saxon"), FEDERAL HOME LOAN MORTGAGE CORPORATION ("Freddie Mac") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively,

"Defendants") will and hereby move, pursuant to Federal Rules of Civil Procedure 12(f) for an order striking the following portions of Plaintiff's Second Amended Complaint ("SAC"):

    1.    The First Cause of Action for Breach of Express Agreements in its entirety (SAC at 4-7);[1]

    2.    The Second Cause of Action for Breach of Implied Agreements in its entirety (SAC at 7-9);[2]

    3.    The Fourth Cause of Action for Violation of California Civil Code § 2923.5 in its entirety (SAC at 14-15);[3]

    4.    The Sixth Cause of Action for Violation of 18 U.S.C. § 1962 in its entirety (SAC at 18-25);[4] and

    5.    The last sentence of Paragraph 91 which reads: "These injuries have caused Plaintiff monetary damages in an amount to be proved at trial." (SAC ¶ 91.)

Grounds for the motion, brought pursuant to Rule 12(f), are that (i) Plaintiff has improperly added the above new causes of action, which were not permitted by the Court; and (ii) Plaintiff is not entitled to damages for an alleged violation of Business and Professions Code § 17200.

The motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: December 31, 2012     */s/ Eric Tsai*
ERIC TSAI
Attorneys for Defendants
SAXON MORTGAGE SERVICES, INC.;
FEDERAL HOME LOAN MORTGAGE CORP.;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

---

[1] Paragraphs 17-29.
[2] Paragraphs 30-40.
[3] Paragraphs 35-37.
[4] Paragraphs 53-85.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Court granted Defendants' prior motion to dismiss the First Amended Complaint as to the cause of action for wrongful foreclosure with 30 days leave to amend, and denied the motion to dismiss as to the remaining two causes of action for slander of title and violation of Business and Professions Code § 17200. (Dkt. #31, Order.) Plaintiff did not request, and the Court did not grant, leave to add entirely new causes of action. (Id.) Yet, at this late stage which is the third complaint filed, Plaintiff attempts to unduly expand the claims in this litigation in direct violation of the Court's Order. Accordingly, the Second Amended Complaint ("SAC") should be stricken as to the improperly added first, second, fourth, and sixth causes of action. In addition, the prayer for monetary damages under the Business & Professions Code § 17200 claim fails as a matter of law and should be stricken from the complaint.

## II. ARGUMENT

**A. The Court should strike the SAC as to improper causes of action first, second, fourth and sixth because Plaintiff was granted leave to amend *only* the cause of action for Wrongful Foreclosure**

After a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleadings should be dismissed or stricken." Delon v. Wells Fargo Bank, N.A., 2010 WL 4285006, at *3 (N.D.Cal.2010); *see also* Kennedy v. Full Tilt Poker, 2010 WL 3984749, at *1 (C.D.Cal.2010) (stating that the court previously struck the amended complaint because plaintiff failed to seek leave to add new claims); Andrew W. v. Menlo Park City School Dist., 2010 WL 3001216, at *2 (N.D.Cal.2010) (agreeing that new claims should be stricken because the prior order did not grant leave to add new claims, but construing plaintiff's opposition as belated motion for leave to amend).

Here, the Court granted Defendants' prior motion to dismiss the First Amended Complaint as to the cause of action for wrongful foreclosure and granted Plaintiff leave to amend only this claim. (Dkt. #31, Order.) In fact, the Court specifically noted that Plaintiff did not request leave

to amend her complaint to add allegations not contained in the operative pleading. (Id. at 8.) Plaintiff did not request leave to raise additional causes of action and the Court did not grant leave therefor. Accordingly, the SAC should be stricken as to the improperly added causes of action first, second, fourth and sixth.

### B. The Court should also strike the SAC as to the improper prayer for damages as Plaintiff is not entitled to damages for a Business & Professions § 17200 claim

Plaintiffs are not entitled to recover damages for any alleged violation of Business & Professions Code § 17200. The only remedies available to a private litigant under this statutory scheme are equitable in nature—injunctive relief and restitution. Bus. & Prof. Code § 17206(a); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144-45 (2003); Kasky v. Nike, Inc., 27 Cal.4th 939 (2002) (in a UCL claim, a private plaintiff's remedies are generally limited to injunctive relief and restitution). As the California Supreme Court explained:

> A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action. "[D]amages are not available under section 17203 [citations]."

Cortez v. Purolater Air Filtration Products Co., 23 Cal.4th 163, 173.

A court may strike requested relief that is not recoverable as a matter of law. *See* LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D.Cal.1992) (striking UCL restitution claims as irrelevant because plaintiff failed to adequately distinguish such claims from damages claims, which are not recoverable under the UCL); Christiansen v. Wells Fargo Bank, 2012 WL 4716977, at *9 (N.D.Cal.2012) (striking all references to damages in plaintiffs' UCL cause of action because the requested relief is not recoverable as a matter of law).

Accordingly, Plaintiff's requests for money damages that appear in paragraph 91 of the SAC should be stricken.

///
///
///

## V. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that their motion to strike portions of the Second Amended Complaint be granted in its entirety.

Respectfully submitted,

PITE DUNCAN, LLP

Dated:  December 31, 2012          */s/ Eric Tsai*
ERIC TSAI
Attorneys for Defendants
SAXON MORTGAGE SERVICES, INC.;
FEDERAL HOME LOAN MORTGAGE CORP.;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

-5-
**NOTICE OF MOTION AND MOTION TO STRIKE
PORTIONS OF THE SECOND AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 4375 Jutland Drive, Suite 200, P.O. Box 17935, San Diego, CA 92177-0935.

I hereby certify that on December 31, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael James Yesk, yesklaw@gmail.com

Megan Ann Dailey, megan.dailey@sbcglobal.net

I further certify that on December 31, 2012, I served the above-described documents by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

N/A

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of December 2012, at San Diego, California.

MEGAN M. WHALEY

3336150.wpd