1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ARGENTES R. ALBANO,

      Plaintiff,

    vs.

CAL-WESTERN RECONVEYANCE
CORPORATION, et al.,

      Defendants.

Case No.: 4:12-cv-4018 KAW

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE, GRANTING IN
PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS,
AND ORDER TO SHOW CAUSE

Plaintiff Argentes R. Albano brings this action against Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration Systems, Inc. ("MERS"), Saxon Mortgage Services, Inc. ("Saxon"), and American Brokers Conduit, alleging that they engaged in wrongful and illegal activities resulting in the wrongful foreclosure of her home, slander of title and violations of Bus. & Prof.Code § 17200 et seq.[1]

The parties are presently before the Court on Federal Home Loan Mortgage Corporation, MERS, and Saxon's Motions to Dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted (Dkt # 33, 34) and Defendants' Motion to Strike Portions of the Second Amended Complaint (Dkt # 38).

Having read and considered the papers filed in this matter and being fully informed, the Court hereby GRANTS the motions to dismiss IN PART and DENIES them IN PART. The Motion

---

[1] Cal-Western Reconveyance Corporation was originally named as a Defendant, but is not named in the Second Amended Complaint.  It appears that Defendant American Brokers Conduit has not been served.

to Strike is GRANTED. The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b).

## I.      Background

### A.      Factual Summary

The following facts are based on the allegations in the Second Amended Complaint ("SAC"),[2] which are presumed true for purposes of this motion.  On May 31, 2005, Plaintiff recorded a Deed of Trust in the Alameda County Recorder's Office against 4225 Polaris Avenue, Union City, California 94587 ("the property") to secure a note in the amount of $390,000 in favor of American Brokers Conduit as original "Lender."  (SAC ¶ 10.)  The Deed of Trust names Alliance Title as the trustee, and MERS as a "nominee" for the Lender.  *Id.*

On June 6, 2011, a notice of default and election to sell under the Deed of Trust was recorded in the Alameda County Recorder's Office.  (SAC ¶ 11.)[3]  On July 26, an assignment of the Deed of Trust was recorded in the Alameda County Recorder's Office, in which MERS purports to convey the beneficial interest in the Deed of Trust to Saxon.  (SAC ¶ 12.)  The assignment states that it was executed by Daniel Charles, as a "vice president" of MERS.  *Id.* On the same day, Daniel Charles also executed a substitution of trustee from Saxon in favor of Cal-Western.  (SAC ¶ 13.)  This time, Daniel Charles signed the document as "AVP" for Saxon.  *Id.*

On September 12, 2011, a notice of the trustee's sale was recorded.  (FAC ¶ 14.)  On September 30, 2011, a second assignment of the Deed of Trust was recorded, purporting to transfer the beneficial interest in the deed of trust from Saxon to Federal Home Loan Mortgage Corporation. (FAC ¶ 15.)  The assignment was signed by Daniel Charles, again as "AVP" for Saxon.  *Id.*

---

[2]The pleading filed by Plaintiff is captioned "Amended Complaint" rather than Second Amended Complaint. This Court granted Plaintiff leave to file a Second Amended Complaint. Referring to the amended pleading as such enables the Court and the parties to keep track of the latest version of the complaint. The Court therefore requests that Plaintiff file future versions of the Complaint with a caption indicating the proper number, *i.e.*, Third Amended Complaint, Fourth Amended Complaint, etc.  For the sake of clarity, in this Order, the Court refers to the latest version of Plaintiff's Complaint, improperly named "Amended Complaint," as Second Amended Complaint.

[3]  Exhibit D to Defendant's request for judicial notice shows that the notice of default was recorded on June 9, 2011.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On October 31, 2011, Saxon and/or Freddie Mac acting as Cal-Western conducted a trustee

2    sale of Plaintiff's home.  (SAC ¶ 16.)  On November 14, a Trustee's Deed Upon Sale was recorded,

3    in which Cal-Western purports to convey the property to Tri-Valley Golden Investments, LLC ("Tri-

4    Valley Golden Investments").  *Id.*

5    **B.    Procedural History**

6    Plaintiff filed her original complaint in the Alameda County Superior Court on October 7,

7    2011.  She filed a First Amended Complaint ("FAC") on July 18, 2012.  The FAC contained three

8    causes of action—slander of title, wrongful foreclosure, and violations of Cal. Bus. & Prof. Code §

9    17200.  Defendants removed the action to this court on July 31, 2012.  On November 11, 2013, the

10   Court granted Defendants' motion to dismiss Plaintiff's FAC in part, and gave Plaintiff leave to file a

11   second amended complaint consistent with the Court's order.  Specifically, the Court denied the

12   motion to dismiss as to the causes of action for slander of title and violations of California Business

13   and Professions Code § 17200 et seq.  The Court dismissed the cause of action for wrongful

14   foreclosure with leave to amend, as Plaintiff had not sufficiently alleged the prejudice element of the

15   cause of action.  Dkt # 31.

16   Plaintiff filed the SAC containing all of the causes of action in the FAC (slander of title,

17   wrongful foreclosure and § 17200), and new causes of action for breach of express agreements,

18   breach of implied agreements, violation of California Civil Code § 2923.5, and violations of RICO.

19   Defendants Federal Home Loan Mortgage Corporation and MERS have now filed a motion

20   to dismiss Plaintiff's SAC under Federal Rule of Civil Procedure 12(b)(6).  Defendant Saxon has

21   also filed a separate motion to dismiss under Rule 12(b)(6) supported by a Request for Judicial

22   Notice accompanied by various documents it contends are recorded public documents central to the

23   allegations in the SAC.  Defendants also filed a joint Motion to Strike portions of the SAC under

24   Rule 12(f).  Plaintiff has filed oppositions to Defendants' motions to dismiss, Motion to Strike and

25   Defendant Saxon's Request for Judicial Notice.

26   **III.    Motion to Strike**

27   Defendants move to strike the newly added causes of action in the SAC.  Although the Court

28   gave Plaintiff leave to file a SAC to properly allege the wrongful foreclosure cause of action, it did

1    not give Plaintiff leave to add new causes of action.  Nor did Plaintiff seek leave to add new claims.

2    To amend the complaint, Plaintiff must file a properly noticed motion and meet the standards for

3    amendment.  *See* Fed. R. Civ. P. 7(b)(1) (request for a court order must be made by motion); Civ.

4    L.R. 10-1 ("Any party . . . moving to file an amended pleading must reproduce the entire proposed

5    pleading").  *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)

6    (leave to amend will not be granted if "amendment would cause prejudice to the opposing party, is

7    sought in bad faith, is futile, or creates undue delay"); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

8    1994) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the

9    theory have been known to the party seeking amendment since the inception of the cause of action").

10   Defendants' motion to strike is therefore granted as to the newly added first, second, fourth, and sixth

11   causes of action in the SAC.  *See* Fed. R. Civ. P. 12(f) ("[t]he court may strike from a pleading . . .

12   any . . . immaterial [or] impertinent . . . matter").

13        Defendants also move to strike a sentence in the SAC in the cause of action for violations of

14   § 17200 that reads: "These injuries have caused Plaintiff damages in an amount to be proven at

15   trial."  SAC at 26, ¶ 91.  Defendants argue that because Plaintiff cannot receive monetary damages

16   under this cause of action, the sentence should be stricken.  *See Christiansen v. Wells Fargo* Bank,

17   2012 WL 4716977, at *9 (N.D. Cal. 2012) (striking references to damages in plaintiff's UCL cause

18   of action).  Plaintiff has not opposed the request.  Accordingly, the reference to monetary damages in

19   Plaintiff's § 17200 claim is stricken.

20   **IV.    Saxon's Motion to Dismiss and Request for Judicial Notice**

21

22        **A.    Legal Standard**

23        Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the

24   failure to state a claim upon which relief may be granted.  A motion to dismiss based on rule

25   12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of*

26   *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

27        In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations

28   contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

United States District Court
Northern District of California

omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

On a Rule 12(b)(6) motion, the court's inquiry is generally limited to the allegations in the complaint. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). "A court may, however, consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B.    Analysis**

Saxon's motion to dismiss argues that the newly added causes of action must be dismissed. Because the causes of action are stricken, as discussed above, the Court does not address these arguments.

Saxon also essentially cuts and pastes text from Defendants' first motion to dismiss arguing that: the entire SAC should be dismissed because Plaintiff has not tendered the full loan amount; the slander of title claim should be dismissed because the publication of a foreclosure notice is a privileged communication, and Plaintiff fails to demonstrate malice; the wrongful foreclosure cause

United States District Court
Northern District of California

of action fails because the foreclosure was properly conducted; and the § 17200 claim fails because it relies on prior allegations that fail to establish prejudice.  The Court already ruled on those arguments in the order on Defendants' first motion to dismiss, and will not revisit them here.  *See* Dkt # 31 (order granting motion to dismiss as to the cause of action for wrongful foreclosure and denying motion to dismiss as to the causes of action for slander of title and unfair competition law).

Regarding Plaintiff's amended cause of action for wrongful foreclosure, Saxon argues, *inter alia*, that Plaintiff has not suffered any prejudice from the foreclosure.  As the Court wrote in its previous order:

> Defendants argue that even if the wrong parties foreclosed on her, Plaintiff suffered no prejudice as a result, because she had defaulted on her mortgage payments, and would have been foreclosed on anyway. Plaintiff does not argue that she did not default on her mortgage payments, or that no entity was authorized to foreclose on her house. Defendant is correct that the allegations in Plaintiff's FAC do not establish prejudice or harm.

> The prejudice or harm element is met only if a plaintiff demonstrates "that the foreclosure would have been averted but for [the] alleged deficiencies."  *Reynoso v. Paul Fin., LLC*, No. 09-3225-SC, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009). *See also Ghuman v. Wells Fargo Bank, N.A.*, No. 1:12-CV-00902-AWI-BAM, 2012 WL 2263276, at *5 (E.D. Cal. Jun. 15, 2012) ("Plaintiffs would be hard pressed to show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the substitution of NDEx (or the allegedly improper recording thereof) adversely affected their ability to pay their debt or cure their default"); *Permito v. Wells Fargo Bank, N.A.*, C-12-00545 YGR, 2012 WL 1380322 (N.D. Cal. Apr. 20, 2012) ("for a foreclosure to be 'wrongful,' Plaintiff also must allege that no entity had the right to foreclose upon her, not simply that the wrong entity foreclosed upon her").

> Although some cases have held that the prejudice element of the wrongful foreclosure cause of action could be established by allegations that the wrong companies had initiated the foreclosure process, the facts of those cases are distinct from the facts here, because in this case, the foreclosure sale has already happened. *See, e.g., Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11–1658 AHM, 2011 WL 2533029, at *9–10 (C.D. Cal. June 24, 2011) (upholding the plaintiffs' wrongful foreclosure claim against an entity alleged to have no beneficial interest in the Deed of Trust when it acted to foreclose on the plaintiffs' home, when the foreclosure sale had not yet taken place); *Tamburri v. Suntrust Mortg., Inc.*, C-11-2899 EMC, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) ("the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner because there is no power of sale without a valid notice of default"). In this case, the foreclosure sale has already occurred, so there is no longer a "threat" of foreclosure, and Plaintiff has

not alleged that the foreclosure sale would not have occurred but for the fraudulent assignments.

Dkt # 31 at 9-10.  Plaintiff's SAC does not cure this deficiency.  The complaint states, "Defendants' oppressive and wrongful actions have prejudiced Plaintiff because it has placed her in jeopardy of losing possession of her home.  Plaintiff was further prejudiced by this wrongful foreclosure because she lost title to her home, her equity in the subject property, and was forced to engage the assistance of counsel to defend this wrongful foreclosure."  SAC at 16.  Plaintiff further states that "without the improper and false assignments, these Defendants would not have initiated this foreclosure," and adds, without explanation, "Plaintiff was not in default to the true beneficial interest holders."  *Id.* at 17.

As explained in the Court's previous order, in order to meet the prejudice element of the wrongful foreclosure claim, Plaintiff must allege not only that the wrong entity foreclosed on her home, but that no entity had the right to do so.  Plaintiff's SAC fails in that regard.  The addition of the bare conclusion that Plaintiff was not in default to the true holders of the mortgage, without any supporting or explanatory facts, is not plausible and cannot salvage this cause of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate to meet pleading standards).  To the extent that Plaintiff is alleging that she has not been in default—that is, that she has actually been making her mortgage payments, and thus no entity had the right to foreclose—she may be able to state a cause of action for wrongful foreclosure.  Accordingly, Plaintiff is given one more opportunity to amend her complaint to allege such facts, if possible.

Saxon has also filed a request for judicial notice in support of its motion to dismiss.  Dkt # 35.  Just like Defendants' previous request for judicial notice, Saxon's request for judicial notice states that the documents are "proper for judicial notice" because "they are recorded public documents."  Just as the Court explained in its last order, Defendants' request does not contain an affidavit attesting to the authenticity of the documents or even an explanation of the procedure counsel took to obtain the documents.

Plaintiff objects to Defendants' request for judicial notice, arguing that while the Court can take judicial notice of the fact that the documents were recorded, the statements in the documents are

hearsay.  Dkt # 41 at 1-2.  The accuracy of the information contained in the documents is indeed hearsay and could reasonably be questioned.  But as Plaintiff has not disputed the authenticity of the exhibits, the Court finds that they are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  The Court takes notice of the existence of the documents and the date on which they were recorded, but does not assume the truth of the facts therein.

## V.       Federal Home Loan Mortgage Corporation and MERS' Motion to Dismiss

Federal Home Loan Mortgage Corporation and MERS' motion to dismiss argues that the newly added causes of action must be dismissed for failure to state a claim upon which relief can be granted.  Because the causes of action are stricken, the Court does not address these arguments.  The motion further argues that the wrongful foreclosure cause of action does not state a claim upon which relief can be granted.  As explained above, this cause of action is dismissed with leave to amend.

## VI.      Order to Show Cause

This case was removed to this Court on July 31, 2012.  Defendant American Brokers Conduit has not appeared in this action, and it does not appear that it was ever served.  Within fourteen days of this order, Plaintiff is ordered to show cause why American Brokers Conduit should not be dismissed.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice").

## VII.     Conclusion

For the reasons explained above:

1.  Defendants' motion to strike is GRANTED.  The first, second, fourth, and sixth causes of action and the reference to monetary damages in Plaintiff's § 17200 claim in the SAC are stricken.

2.  Defendants' motions to dismiss are GRANTED with leave to amend as to the cause of action for wrongful foreclosure, and DENIED as to the other causes of action that have not been

United States District Court
Northern District of California

stricken in the SAC, that is, the slander of title and § 17200 causes of action.  Plaintiff is granted leave to amend the wrongful foreclosure cause of action only.  Plaintiff is ordered to file a properly captioned Third Amended Complaint within 14 days of the date of this order.

3.  Within fourteen days of the date of this order, Plaintiff is ordered to show cause why Defendant American Brokers Conduit should not be dismissed.

IT IS SO ORDERED.

DATE: February 28, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California